UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE NEW YORK DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND and NEW YORK
CITY, by their Trustees Michael J. Forde and
Paul O'Brien, and NEW YORK CITY AND VICINITY
CARPENTERS LABOR-MANAGEMENT CORPORATION,

06 CV. 5643

Judge Hellerstein

COMPLAINT

Plaintiffs,

-against-

ON PAR CONTRACTING CORP. and JAMES MURRAY,

Defendants.
------------------------------------------------------------X

Plaintiffs, by their attorneys, O'DWYER & BERNSTIEN, LLP complaining of defendants, allege the following:

Nature of Action

1.   This is an action arising under the Employees Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1001, *et seq.*, and the Labor Management Relations Action of 1947 ("LMRA"), 29 U.S.C. Section 152, *et seq.*, to compel defendant On Par to make contributions to Plaintiffs, employee benefit funds, on behalf of its employees in accordance with applicable law, collective bargaining agreement and trust instruments. This action also arises

1

pursuant to common law, to recover money damages by reason of fraud with respect to defendant James Murray.

## Jurisdiction

2.     Jurisdiction over Count I is conferred upon this Court by Sections 502(a)(3)(B)(ii), 502(d)(1), 502(f) and 502(g) of ERISA, 29 U.S.C. Sections 1132(a)(3)(B)(ii), (d)(1)(f) and (g) and by Section 301(a) of the LMRA, 29 U.S.C. Section 185(a).

3.     Jurisdiction over the state law claims is conferred upon this Court pursuant to its supplemental jurisdiction, 28 U.S.C. Section 1367.

## Venue

4.     The action is properly venued in this District in that plaintiffs maintain their offices in this District, and the District in which defendant Murray committed acts of fraud.

## Parties

5.     Plaintiffs The New York District Council of Carpenters Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational and Industry Fund and the New York City District Council of Carpenters Charity Fund are jointly administered employee benefit plans established under Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. Section 186(c)(5).  Plaintiffs Michael J.

Forde and Paul O'Brien are representative Trustees of the foregoing Funds. Plaintiff New York City and Vicinity Carpenters Labor-Management Cooperation Corporation is a New York not for profit corporation. Plaintiffs are collectively known as the Funds.

6. The Funds have their principal places of business at 395 Hudson Street, New York, New York 10014.

7. Upon information and belief, defendant On Par Contracting Corp. ("On Par"), is a New York corporation with a principal place of business in Mt. Vernon, New York. Upon information and belief, defendant is an employer in an industry affecting commerce within the meaning of ERISA, Sections 3(5), (11), (12), 29 U.S.C. Sections 1002(5), (11) and (12) and Sections 2 (2), (6) and (7) of the LMRA, 29 U.S.C. Sections 152(2), (6) and (7).

8. Upon information and belief, at all relevant times herein James Murray ("Murray") was president and principal operating officer of On Par.

9. Upon information and belief, Murray is or was a resident of the State of New York, County of Westchester.

## Count I
### As to Defendant On Par

10. At all relevant times herein, there was in force and effect a collective bargaining agreement by and between The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("District Council") and the Association of Wall-Ceiling & Carpentry

3

Industries of New York, Inc.("Wall-Ceiling Association") (Agreement known as the "Wall-Ceiling Agreement").

11.  At all relevant times On Par a member of the Wall-Ceiling Association.

12.  At all relevant times On Par was a signatory of the Wall-Ceiling Agreement.

13.  At all relevant times On Par was a signatory of the Wall-Ceiling Agreement by virtue of its membership in the Wall-Ceiling Association.

14.  At all relevant times On Par consented by its acts and conduct to be bound to the terms of the Wall-Ceiling Agreement.

15.  The Wall-Ceiling Agreement provides at Section 1 of Article XVI thereof, "Every Employer covered by this Agreement shall make contributions for each hour worked of [sic] all Employees covered by this Agreement in the amounts hereinafter specified to the [plaintiff Funds]."

16.  The Wall-Ceiling Agreement provides at Section 6 of Article XVI, *inter alia*, "Each Employer shall be bound by all the terms and conditions of the Agreements and Declarations of Trust creating the [Funds], as amended, and by all By-Laws adopted to regulate each of the said Funds."

17.  Said collective bargaining agreement requires On Par to make contributions to the plaintiffs for each hour worked by carpenters performing covered work to pay for fringe benefits, including but not limited to, medical and hospitalization insurance, pension, annuity and vacation.

4

18. Upon information and belief, at all relevant times, including 2000 to 2005, On Par employed workers for whom it was required to make contributions to the Funds.

19. Upon information and belief, On Par failed to remit contributions and/or failed to remit all contributions required to be paid to the Funds for work performed by its covered employees for the period 2000 to 2005 and is delinquent and deficient in the approximate principal sum of $10,000,000.

20. Defendant's refusal and failure to remit contributions is a violation of the collective bargaining agreement, and the Agreements and Declarations of Trust and ERISA, and the Funds' collection guidelines.

## Count II
### Common Law Fraud as to Defendant James Murray

21. Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "21" as if set forth in full herein.

22. Upon information and belief, at times between 2000 and 2005 Murray, acting by himself and/or in concert with persons acting under his direction and control, engaged in a concerted and systematic scheme to defraud the Funds of contributions required to be paid on behalf of On Par's carpenter employees by: (a) paying carpenters, or causing carpenters to be paid in cash and/or "off the books" for the purpose, *inter alia*, of avoiding the required fringe benefit fund contributions to the Funds; (b) submitting and/or communicating, or causing On Par to submit and/or communicate, false reports and information to the Funds (or its agents) that deliberately omitted

covered employees; (c) conspiring with shop stewards so that covered employees were deliberately not reported on shop steward reports to conceal such obligations from disclosure to the Funds and its auditors; and (d) other schemes and artifices presently unknown.

23.  On or about May 24, 2006, a grand jury sitting in the Southern District of New York, indicted James Murray on three counts, Indictment No. 06 Crim. 443, for crimes including, Employee Benefit Plan Embezzlement (18 U.S.C. Sections 664 and 2) and mail fraud (18 U.S.C. Sections 1341 and 2), relating to Murray's scheme to defraud the Funds of contributions.

24.  Upon information and belief, at times between 2000 and 2005 Murray, acting by himself and/or in concert with persons acting under his direction and control, engaged and/or participated in a concerted and systematic scheme whereby he caused On Par to pay cash to its carpenters in violation of the collective bargaining agreement and other documents.

25.  Upon information and belief, at times between 2000 and 2005 Murray, acting by himself and/or in concert with persons acting under his direction and control defrauded the Funds by providing reports and information to the Funds that deliberately omitted covered employees for whom contributions were required to be made.

26.  Upon information and belief, at times between 2000 and 2005 Murray, acting by himself and/or in concert with persons acting under his direction and control submitted to the District Council, or caused others to

submit to the District Council, falsified shop steward reports to prevent and/or hinder disclosure of the willfully false reports to the Funds that deliberately omitted covered employees for whom contributions were required.

27. Upon information and belief, at times between 2000 and 2005 Murray, acting by himself and/or in concert with persons acting under his direction and control submitted shop steward reports to the District Council that deliberately omitted covered employees for whom they knew On Par was required to make contributions to the Funds.

28. Upon information and belief, defendant knew the documents and reports of carpenters employed and the hours they worked were false when made.

29. Upon information and belief, defendant knew the Funds relied upon the representations of hours worked and carpenters employed that were made to the Funds and/or its agents in calculating On Par's liability for fringe benefit contributions.

30. The Funds justifiably relied upon the hours reported by On Par.

31. Upon information and belief, defendant knew that the District Council had the right to remove Union carpenters from On Par's job sites for the failure to make contributions to the Funds in accordance with the collective bargaining agreement between On Par and the District Council.

32. Upon information and belief, defendant engaged in the scheme to defraud and conceal facts relating to On Par's failure to remit contributions for

its carpenter employees to the Funds, in whole or in part, because his wrongful taking and/or receipt of money was dependent upon On Par's continuation of business operations.

33. Upon information and belief, the knowingly false representations by defendant, or other individuals acting under his direction and control, were made for the purpose of deceiving the Funds and forestalling and/or preventing action to enforce On Par's obligation to make contributions to the Funds, including, but not limited to a shut-down of On Par's jobs as permitted by the collective bargaining agreement with the District Council.

34. Upon information and belief, defendant knew that the false representations to the Funds or its agents with respect to hours worked and the number of carpenters employed at the On Par job sites would result in an unjustified windfall to him.

35. Upon information and belief, defendant benefited personally from the fraudulent scheme by converting to his own use money that was part of the compensation package of On Par's carpenter employees, rather than remitting, or causing said funds to be remitted, to the Funds.

36. By reason of the foregoing acts and conduct plaintiffs have been damaged in a sum to be determined at trial, in a principal sum estimated to be $10,000,000.

## Count III
### Punitive Damages as to James Murray

37. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "36" as if set forth in full hereat.

38. Defendant Murray knew that the deceptive and fraudulent acts and conduct as alleged above would adversely affect the welfare of employees of On Par and their families who relied upon the Funds for medical and hospital insurance and other benefits.

39. Defendant's acts and conduct were gross, willful, wanton and morally culpable.

40. By reason of the foregoing Murray is liable for punitive damages.

WHEREFORE, plaintiffs demand judgment against defendants as follows:

(a) As to Count I,

    (1) damages in a sum to be determined at trial, estimated to be $10,000,000;

    (2) interest, liquidated damages, attorneys fees, and costs, all as provided for in ERISA, Section 502(g), 29 U.S.C. §1132(g);

(b) As to Counts II and III,

    (1) damages against Murray individually in an amount to be determined at trial, estimated to be the principal sum of $10,000,000;

    (2) punitive damages against Murray in a sum three times the damages;

    (3) interest on the foregoing;

  (4) attorneys' fess and costs.

(d) such other and different relief as the Court deems proper and just.

Dated: New York, New York
    July 25, 2006

           Yours, etc.,

           O'DWYER & BERNSTIEN, LLP

          By: _____
           Gary Silverman (GS 9287)
           Attorneys for Plaintiffs
           52 Duane Street
           New York, New York 10007
           (212) 571-7100

| ORIGINAL-WHITE | DUPLICATE-YELLOW | TRIPLICATE-PINK |

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
for the
**SOUTHERN DISTRICT OF NEW YORK**

**E585630**

at _____

RECEIVED FROM  *O'Dwyer + Bernstein*

*06-cv-5643 (AKH)*

| Fund | |
|---|---|
| 6855XX | Deposit Funds |
| 604700 | Registry Funds |
| | General and Special Funds |
| 508800 | Immigration Fees |
| 085000 | Attorney Admission Fees |
| 086900 | Filing Fees |
| 322340 | Sale of Publications |
| 322350 | Copy Fees |
| 322360 | Miscellaneous Fees |
| 143500 | Interest |
| 322380 | Recoveries of Court Costs |
| 322386 | Restitution to U.S. Government |
| 121000 | Conscience Fund |
| 129900 | Gifts |
| 504100 | Crime Victims Fund |
| 613300 | Unclaimed Monies |
| 510000 | Civil Filing Fee (½) |
| 510100 | Registry Fee |

```
INVOICE #61783
DATE\TIME: 7/26/2006 4:33:42 PM
CASHIER: SAYRA #3
STATION: 01
=============================================
 COMPLAINT 4/06              $350.00
   086900     $60.
   510000     $190.00
   086400     $100.00
=============================================
 GRAND TOTAL                  $350.00
```

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

| DATE | | Cash | Check | M.O. | Credit | DEPUTY CLERK: |
|---|---|---|---|---|---|---|
| | 20 | | | | | |