UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
THE NEW YORK CITY DISTRICT COUNCIL OF                  :
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE                 :
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY                :
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL                   :
OF CARPENTERS APPENTICESHIP, JOURNEYMAN                         06 CV 5643 *(AKH)*
RETRAINING, EDUCATIONAL AND INDUSTRY                   :
FUND, NEW YORK CITY DISTRICT COUNCIL OF                         *ANSWER*
CARPENTERS CHARITY FUND, and NEW YORK                  :
CITY, BY THEIR TRUSTEES MICHAEL J. FORDE,
AND PAUL O'BRIEN AND NEW YORK CITY AND                 :
VICINITY CARPENTERS LABOR-MANAGEMENT
CORPORATION,                                           :

                            Plaintiffs,          :

   -against-                                          :

ON PAR CONTRACTING CORP. and JAMES                     :
MURRAY,
                                                        :
                            Defendant.
------------------------------------------------------------------------ x

      Defendants On Par Contracting Corp, ("On Par") and James Murray ("Murray") (collectively referred to herein as "Defendants") by and through their attorneys, Georgoulis, & Associates, PLLC, respond to the complaint in the within action as follows:

## NATURE OF THE ACTION

      1.    Deny the allegations contained in paragraph "1" of plaintiffs' complaint and respectfully refer all questions of law to be determined at the time of trial.

## JURISDICTION

2. Deny the allegations contained in paragraph "2" of plaintiffs' complaint and respectfully refer all questions of law to be determined at the time of trial.

3. Deny the allegations contained in paragraph "3" of plaintiffs' complaint and respectfully refer all questions of law to be determined at the time of trial.

## VENUE

4. Deny the allegations contained in paragraph "4" of plaintiffs' complaint and respectfully refer all questions of law to be determined at the time of trial.

## PARTIES

5. Deny the allegations contained in paragraph "5" of plaintiffs' complaint and respectfully refer all questions of law to be determined at the time of trial.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of plaintiffs' complaint.

7. Deny the allegations contained in paragraph "7" of plaintiffs' complaint except admit that On Par is a New York corporation with its principle place of business in Yonkers, New York and respectfully refer all questions of law to be determined at the time of trial.

8. Admit the allegations in paragraph "8" of plaintiffs' complaint.

9. Admit the allegations in paragraph "9" of plaintiffs' complaint.

### AS AND FOR A RESPONSE TO COUNT I
### AS TO DEFENDANT ON PAR

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of plaintiffs' complaint.

11. Admit the allegations in paragraph "11" of plaintiffs' complaint.

12. Admit the allegations in paragraph "12" of plaintiffs' complaint.

13. Admit the allegations in paragraph "13" of plaintiffs' complaint.

14. Deny the allegations contained in paragraph "14" of plaintiffs' complaint except admit that On Par agreed to be bound by the terms of the Wall-Ceiling Agreement referenced therein to the extent that the terms and conditions of said agreement was not breached by the plaintiffs herein.

15. Deny the allegations contained in paragraph "15" of plaintiffs' complaint and respectfully refer to the contents of the document cited therein.

16. Deny the allegations contained in paragraph "16" of plaintiffs' complaint and respectfully refer to the contents of the document(s) cited therein.

17. Deny the allegations contained in paragraph "17" of plaintiffs' complaint and respectfully refer to the contents of the document cited therein

18. Deny the allegations contained in paragraph "18" of plaintiffs' complaint except admits that it conformed to the terms and conditions of all applicable agreements and relevant law.

19. Deny the allegations contained in paragraph "19" of plaintiffs' complaint.

20. Deny the allegations contained in paragraph "20" of plaintiffs' complaint and respectfully refer all questions of law to be determined at the time of trial.

### AS AND FOR A RESPONSE TO COUNT II
### COMMON LAW FRAUD, FRAUD AS TO DEFENDANT JAMES MURRAY

21. Defendants reaffirm, reallege and reiterate the responses to the allegations contained in paragraphs "1" through "20" with the same force and effect as if they were here at length set forth.

22. Deny the allegations contained in paragraph "22" of plaintiffs' complaint.

23. Deny the allegations contained in paragraph "23" of plaintiffs' complaint and respectfully refer to the contents of the documents cited therein.

24. Deny the allegations contained in paragraph "24" of plaintiffs' complaint.

25. Deny the allegations contained in paragraph "25" of plaintiffs' complaint.

26. Deny the allegations contained in paragraph "26" of plaintiffs' complaint.

27. Deny the allegations contained in paragraph "27" of plaintiffs' complaint.

28. Deny the allegations contained in paragraph "28" of plaintiffs' complaint.

29. Deny the allegations contained in paragraph "29" of plaintiffs' complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of plaintiffs' complaint

31. Deny the allegations contained in paragraph "31" of plaintiffs' complaint.

32. Deny the allegations contained in paragraph "32" of plaintiffs' complaint.

33. Deny the allegations contained in paragraph "33" of plaintiffs' complaint.

34. Deny the allegations contained in paragraph "34" of plaintiffs' complaint.

35. Deny the allegations contained in paragraph "35" of plaintiffs' complaint.

36. Deny the allegations contained in paragraph "36" of plaintiffs' complaint.

### AS AND FOR A RESPONSE TO COUNT III
### PUNITIVE DAMAGES AS TO JAMES MURRAY

37. Defendants reaffirm, reallege and reiterate the responses to the allegations contained in paragraphs "1" through "36" with the same force and effect as if they were here at length set forth.

38. Deny the allegations contained in paragraph "38" of plaintiffs' complaint.

39. Deny the allegations contained in paragraph "39" of plaintiffs' complaint.

40. Deny the allegations contained in paragraph "40" of plaintiffs' complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

41. Plaintiffs' complaint fails to state a cause of action for which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

42. Plaintiffs' claims are barred by the statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

43. The Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

44. Plaintiffs' claims are barred by its failure to comply with statutory and/or contractual conditions precedent.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

45. Plaintiffs' claims are barred by release, payment and/or waiver.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

46. Plaintiffs' claims are barred by collateral estoppel and/or res judicata.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

47. Upon information and belief, any monies due and owing to plaintiffs are less than pleaded and/or improperly calculated.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

48. Plaintiffs' claims, or portions thereof, are barred by their failure to exhaust administrative remedies and/or procedures.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

49.     Plaintiffs' claims are barred by its receipt of payment in full satisfaction of its claims.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

50.     The individual defendant was not Plaintiffs' employer within the meaning of ERISA or the LMRA.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

51.     The damages sought by plaintiffs may be less than pleaded due to a miscalculation by plaintiffs or due to payment by defendants to plaintiffs of all or a portion of same.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

52.     The damages sought by plaintiffs have been paid in whole or in part.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

53.     Plaintiffs' claims are barred due to their breach of the Agreements and/or their violations of any applicable laws.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

54.     On Par made certain payments to plaintiffs pursuant to an agreement with Plaintiffs.  Accordingly, any underpayments now alleged by plaintiffs were made at plaintiffs' direction and defendants cannot now be held liable for any deficiencies thereof.  Moreover, by reason of the foregoing, any claim by plaintiffs for interest or penalties must be dismissed.

### AS AND FOR A FIRST COUNTERCLAIM

55.     Plaintiff Benefit Funds (hereinafter "Funds" or "Plaintiffs") and On Par

executed a Collective Bargaining Agreements ("CBA") effective July 1, 1997 through June 30, 2001. The CBA was renewed for the period commencing July 1, 2001 through July 30, 2006.

56. Said CBA defined the rights and responsibilities of the parties and specified the jurisdiction of the Union which is limited to specified tasks that only qualified Union members can perform on any given project.

57. In breach of the CBA, Plaintiffs engaged in intimidation tactics threatening to close down various Projects if On Par did not conform to Plaintiffs' demands; said tactics were in contravention of the terms and conditions of the CBA.

58. Plaintiffs threatened to shut down On Par's projects if On Par did not use the employees specified by the plaintiffs. Said employees did not have the skills or qualifications under the CBA trade classifications to perform the requisite work.

59. Despite being forced to hire unqualified employees, the employees virtually never appeared at the job sites.

60. Plaintiffs' threats and acts of intimidation were a material breach of the terms of the CBA.

61. As a result of the Plaintiffs' material breach of the CBA, On Par suffered substantial economic losses in an amount to be determined at the time of trial.

## AS AND FOR A SECOND COUNTERCLAIM

62. Defendants repeat, reiterate and reallege the allegations set forth above in paragraphs "1" through "60" as if fully set forth at length herein.

63. Beginning in 1998, representatives representing plaintiff funds herein began a campaign of intimidation and threats against On Par.

64. Said representatives intentionally and willfully forced On Par to hire unqualified employees.

65. On Par was forced by the plaintiffs to hire certain employees or the Union Representatives threatened to close down On Par's projects.

66. The threats and intimidation continued throughout the duration of On Par's Collective Bargaining Agreements with the Union.

67. The Plaintiffs with full knowledge of the terms and conditions of the CBA, acting with malice, intentionally and without justification forced On Par to breach the CBA through threats and intimidation.

68. Any breach of the CBA by On Par was a result of Plaintiffs' intentional and deliberate actions in forcing the hiring of unqualified employees.

69. As a result of the Plaintiffs' breach of the CBA, On Par suffered substantial economic losses in an amount to be determined at the time of trial.

**WHEREFORE**, defendants demand judgment: (a) dismissing the Complaint in its entirety and with prejudice; (b) on their first counterclaim, in an amount to be determined at the time of trial; (c) on their second counterclaim, in an amount to be determined at the time of trial; (d) for the costs, disbursements and attorneys' fees incurred herein; and (e) for such other and further relief as this Court deems just and proper.

Dated: New York, New York
December 22, 2006

                                            s/
                                      Russell Wolfson, Esq. (RW 2847)
                                      GEORGOULIS & ASSOCIATES PLLC
                                      Attorney for Defendants
                                      On Par Contracting Corp. and James Murray
                                      45 Broadway – 14th Floor

                                                 New York, New York 10006
                                                 (212) 425-7854

TO:    Gary Silverman, Esq.
          O'Dwyer & Bernstein, LLP
          52 Duane Street
          New York, New York 10007

U:\2006 cases\06-230\Pleadings\Answer.doc