UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
THE NEW YORK CITY DISTRICT COUNCIL :
OF CARPENTERS PENSION FUND et al., : **ORDER DENYING**
 : **MOTION TO VACATE,**
Plaintiffs, : **AND AMENDING,**
 : **DEFAULT JUDGMENT**
-against- :
 : 06 Civ. 5643 (AKH)
ON PAR CONTRACTING CORP. and JAMES :
MURRAY :
 :
Defendants. :
---------------------------------------------------------------- X
ALVIN K. HELLERSTEIN, U.S.D.J.:

    The plaintiffs in this case are six jointly-administered employee benefit plans established under Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5), and one not-for-profit labor-management cooperation corporation ("The Benefit Funds"). The plaintiff Benefit Funds are creations and third-party beneficiaries of collective bargaining agreements between The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, and the Association of Wall-Ceiling & Carpentry Industries of New York, Inc ("Wall-Ceiling Association"). Defendant On Par Contracting Corp. ("On Par") is a member of the Wall-Ceiling Association, and defendant James Murray was, at all relevant times, the President and Principal Operating Officer of On Par.

    The plaintiffs commenced this lawsuit on July 26, 2006, alleging, inter alia, that On Par failed to make required contributions on behalf of its employees to the Benefit Funds, in violation of their collective bargaining agreement and federal law. Employees Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; Labor Management Relations Act of 1947, 29 U.S.C. §152 et seq. Defendant On Par was properly served on August 11, 2006. On

1

October 31, 2006, with no answer, motion or other appearance having been made, I granted Plaintiffs' motion for default judgment against On Par for the principal amount of $9,455,283.17 in delinquent benefit fund contributions, in addition to interest on unpaid contributions in an amount of $2,646,260.01 pursuant to 29 U.S.C. § 1132(g)(2)(B), and statutory damages, also in the amount of $2,646,260.01, pursuant to 29 U.S.C. § 1132(g)(2)(c)(i), and costs and fees in the amount of $3,193.75, for a total default judgment of $14,750,996.94.

After the entry of default judgment against On Par, defendants On Par and James Murray filed an answer to the complaint on December 22, 2006, and filed a motion to vacate the default judgment entered against On Par on January 31, 2007.  I held oral argument on April 26, 2007 on Defendants' motion to vacate, and, for the reasons stated on the record, I denied the motion, except to the extent that On Par could demonstrate a defense of partial payment.  Fed R. Civ. P. 60(b); e.g., New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (court must balance willfulness of default, existence or not of meritorious defense, and the extent to which vacating default prejudices nondefaulting party).  I instructed the parties to investigate if $750,000 had been paid by On Par to the Benefit Funds, whether it had been paid pursuant to a July 28, 2005 "Payment Plan Agreement," and how the money was, and should be, applied to the default judgment.  I ordered the parties to report to me, by joint letter, regarding the results of their investigation, and their positions in relation thereto.

The Payment Plan Agreement ("Agreement") was entered into by the plaintiff Benefit Funds and the defendants, James Murray and On Par, on July 28, 2005. The defendants agreed that On Par would pay to the Benefit Funds a total of $750,000, with $200,000 as a "down payment," made by the time of execution of the agreement, and $550,000 in the form of eleven installments of $50,000, the last of which was due October 14, 2005.  By these payments,

the parties were to "resolve the Funds' claim for employee fringe benefits for delinquent contributions due the Funds for the period from October 1, 2003, through July 25, 2005." Agreement, Redmond Affirm. Ex. A.

The Agreement provided, however, that On Par would be "subject to an audit to determine the exact amount of monies due to the Funds," as well as additional, subsequent audits at the request of the Benefit Funds. Agreement, Redmond Affirm. Ex. A. ¶ 2(c). Further, the Benefit Funds were entitled to "exercise[] their right to audit [On Par's] records for the Delinquency Period, and to recover contributions that were not properly reported or paid to the Funds, with interest and penalties." Agreement, Redmond Affirm. Ex. A. ¶ 3.

On Par argues that its payments, aggregating $750,000 under the agreement, constitutes complete satisfaction of all of On Par's obligations from October 1, 2003 through July 25, 2005. Because this time period represents twenty-two out of the forty-eight months at issue in this case, On Par argues that the principal amount in the default judgment should be reduced by 22/48, or 45.8%.[1]

I hold that On Par's payment of $750,000 does not satisfy all delinquencies or obligations owed by On Par for the period from October 1, 2003 through July 25, 2005. As evidenced by the terms of the agreement between the parties, this payment operated as a release against all claims for that period only to the extent that future audits did not uncover additional "contributions that were not properly reported or paid to the Funds." Agreement, Redmond Affirm. Ex. A ¶ 3.

---

[1] On Par argues in its letter that the relevant period, October 1, 2003 through July 25, 2003, constitutes a nineteen month period, and argues, therefore, for a reduction of 19/48, or 39.6%. I assume this was a computational error, and interpret their argument as one for a reduction relating to 22/48 months, or, 45.8%. In any event, I reject their argument.

On Par remains liable for its delinquencies for the entire period asserted in the complaint, in addition to unpaid interest, statutory damages, and fees, as provided for by statute. Consistent with the Payment Plan Agreement, the default judgment was based upon an audit revealing a delinquency of $9,455,283.17. The payment of $750,000 is to be credited against On Par's interest obligations. See, e.g., Spang Indus., Inc. v. Aetna Cas. and Sur. Co., 512 F.2d 365, 371 (2d Cir. 1975) (partial payments applied first to interest then due, with surplus discharging principal) (citing Ohio Savings Bank & Trust Co. v. Willys Corp., 8 F.2d 463, 466-67 (1925)).

Accordingly, On Par's motion to vacate is denied. I amend the default judgment of October 31, 2006, and order that default judgment shall be entered against On Par in the amounts as follows: $9,455,283.17 in delinquent benefit fund contributions, in addition to interest on unpaid contributions in an amount of $1,896,260.01, pursuant to 29 U.S.C. § 1132(g)(2)(B), and statutory damages, also in the amount of $1,896,260.01, pursuant to 29 U.S.C. § 1132(g)(2)(c)(i), and costs and fees in the amount of $3,193.75, for a total default judgment amount of $13,250,996.94.

SO ORDERED.

Dated:   June 25, 2007
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge